DOROTHY LISTENGART, Respondent, v. GEORGE H. ELL, Appellant. (And a Third-Party Action.) — In an action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Nassau County, dated February 28, 1967, in favor of plaintiff upon a jury verdict. Judgment reversed, on the law, and new trial directed, with costs to abide the event. The findings of fact are affirmed. It was error for the trial court to charge the jury that defendant had the burden of proof by a preponderance of the evidence that the collision between the vehicles occurred because of defective brakes on defendant's automobile which could not have been discovered by defendant before the collision. Under the doctrine of *Pfaffenbach* v. *White Plains Express Corp.* (17 N Y 2d 132), the burden of going forward with proof shifts to the defendant to explain that the cause of the accident was due to conditions beyond his control, once the plaintiff establishes that there is a reasonable inference that the collision occurred due to the defendant's fault. On the whole case, however, the burden of proof remains on the plaintiff to establish the negligence of the defendant. The charge was excepted to by defendant's counsel and a correct charge was requested by him. Under these circumstances, a new

trial is required. Beldock, P. J., Christ, Hopkins, Benjamin and Munder, JJ., concur.